**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HAROLD J. MCGURL, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-7311** |
| | : | |
| **HUNER, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**BAYLSON, J.** **NOVEMBER 16, 2026**

Plaintiff Harold J. McGurl, Jr., an inmate currently confined at SCI Phoenix, brings this *pro se* civil action alleging that his constitutional rights were violated when he was denied appropriate medical care. The Court will grant McGurl's application to proceed *in forma pauperis* and will screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). As explained below, the Complaint will be dismissed and McGurl's motion for appointment of counsel will be denied. McGurl will be granted leave to file an amended complaint.

## I. FACTUAL ALLEGATIONS[1]

McGurl names "Health Care Administrator Huner" and "Deputy Hensley" as Defendants, both of whom are employed by the Pennsylvania Department of Corrections ("DOC") at SCI Phoenix. (Compl. at 2.) Both Defendants are named in their official capacities only. (*Id.*)

McGurl's allegations are sparse. He avers that he tore his left bicep playing softball and started having "stomach problems" in 2022 while he was incarcerated at SCI Fayette. (*Id.* at 4-5.) McGurl was taken to Allegheny Medical Center where he was told that "they were in no hurry to fix it" because he is not a professional athlete. (*Id.* at 5.) He represents that he filed a

[1] The factual allegations set forth in this Memorandum are taken from the Complaint ("Compl."). (ECF No. 2). The Court adopts the sequential pagination supplied to the Complaint by the CM/ECF docketing system. McGurl also attaches as exhibits copies of his grievances and appeals, along with the institutional responses. (ECF Nos. 2-1, 6.)

grievance with respect to this issue, but his grievance was denied and he did not receive a response to his appeal. (*Id.* at 6-7.) McGurl asserts constitutional and state law claims, seeks compensatory damages in an unspecified amount, and wants his "arm fixed." (*Id.* at 3, 5.)

## II. STANDARD OF REVIEW

The Court will grant McGurl leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At the screening stage, the Court will accept the facts alleged in a *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).

Because McGurl is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). "Although the plausibility

[2] Because McGurl is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation marks and citations omitted); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it [by] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94. Additionally, the Court must review the Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## III. DISCUSSION

Liberally construing the Complaint, McGurl claims that his rights under the Eighth Amendment to the United States Constitution were violated, as well as his rights under state law. (Compl. at 3.) Even upon a liberal reading of the Complaint, however, McGurl has failed to allege a plausible basis for a claim against either of the named Defendants.

### A. Federal Law Claims

McGurl brings claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1. Official Capacity Claims

In drafting his Complaint, McGurl checked the boxes on the form he used indicating that he seeks to name DOC employees Huner and Hensley in their official capacities only. (Compl. at 2.) "Official capacity claims are indistinguishable from claims against the governmental entity that employs" the defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Commonwealth of Pennsylvania and its agencies, including the DOC, are not "persons" who may be liable under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-66 (1989); *Endrikat v. Little*, No. 23-2167, 2023 WL 8519196, at *3 (3d Cir. Dec. 8, 2023) (*per curiam*) (affirming finding that Pennsylvania DOC is not subject to suit under § 1983 (citing, *inter alia*, *Curtis v. Everette*, 489 F.2d 516, 521 (3d Cir. 1973))). Additionally, the Eleventh Amendment bars suits seeking money damages against a state and its agencies in federal court when the state has not waived that immunity and the Commonwealth has not waived that immunity. *See Will*, 491 U.S. at 66; 42 Pa. Cons. Stat. § 8521(b); *see also Downey v. Pa. Dep't*

*of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020) ("Eleventh Amendment immunity bars actions for retroactive relief against state officers acting in their official capacity." (citation omitted)). Accordingly, all official capacity claims against the Defendants will be dismissed.

Since McGurl appears to not have understood the implication of naming Huner and Hensley in their official capacities only, the Court will liberally construe the Complaint to assert claims against Defendants in their individual capacities and will address those claims below. *See Downey*, 968 F.3d at 310 ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed even though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

**2. Lack of Personal Involvement**

McGurl asserts no allegations in the Complaint about how either Huner or Hensley were involved in the incidents he describes. Therefore, any § 1983 claim against them is not plausible because a "defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677). Where there are multiple defendants at issue, alleging personal involvement cannot be accomplished by collectively referring to the "Defendants" as a group without clarifying the specific basis for each Defendant's liability. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (agreeing with the district court that the repeated and collective

use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged").

Moreover, to the extent that McGurl names Hensley due to his high-ranking position at SCI Phoenix, this is also not sufficient to state a plausible claim. Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" a facility or their subordinates are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*); *Zigler v. Warren*, No. 21-19474, 2022 WL 903383, at *2 (D.N.J. Mar. 28, 2022) ("In simpler terms, a supervisor is not liable for the unconstitutional conduct of his employees solely because he is a supervisor."). A supervisor like Hensley can only be found liable for the unconstitutional acts undertaken by his subordinates in two scenarios. First, a supervisor may be liable if he or she, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom, which directly caused [the] constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014*), reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* "Failure to" claims, such as a failure to train, failure to discipline, or failure to supervise, are generally considered a subcategory of policy or practice liability. *Id.* at 316-17.

Because McGurl has made no allegations against Huner or Hensley, he has failed to state plausible claims against them. Accordingly, all claims against these Defendants will be dismissed. McGurl will be permitted to submit amended claims if he can allege facts showing how these Defendants were each personally involved in his alleged constitutional harm.

### 3. Deliberate Indifference to Serious Medical Needs

McGurl is advised that to state a constitutional claim based on the failure to provide medical care, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).

Deliberate indifference is properly alleged "where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, [or] (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." *Montanez v. Price*, 154 F.4th 127, 141 (3d Cir. 2025) *cert. denied*, 146 S.Ct. 2731 (2026) (citation omitted). This standard is met when a delay or denial of medical care is intended to inflict pain without medical justification or is based solely on a nonmedical reason without any effort to mitigate harm. *DiFraia v. Ransom*, 171 F.4th 622, 630 (3d Cir. 2026). "[P]rison officials may not 'deny reasonable requests for medical treatment . . . when such denial exposes the inmate to undue suffering or the threat of tangible residual injury.'" *Durham v. Kelley*, 82 F.4th 217, 230 (3d Cir. 2023) (quoting *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017)). [P]rison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for an easier and less efficacious treatment of the inmate's condition." *Palakovic*, 854 F.3d at 228 (quotations and citations omitted).

**B. State Law Claims**

Because the Court has dismissed McGurl's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, no plaintiff may be a citizen of the same state as any defendant." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship. *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *see also Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met).

McGurl has not met his burden. He does not allege the citizenship of the parties. Rather, he provides only the address of SCI Phoenix for himself and is suing staff at SCI Phoenix, which suggests that diversity is lacking. Accordingly, because he has not sufficiently alleged that the

parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue, all state law claims will be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant McGurl leave to proceed *in forma pauperis* and will dismiss the Complaint upon statutory screening for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). McGurl's official capacity claims against the Defendants will be dismissed with prejudice. The balance of the Complaint will be dismissed without prejudice. McGurl may file an amended complaint if he can allege additional facts to cure the deficiencies the Court has noted in the claims dismissed without prejudice. McGurl's Motion for Appointment of Counsel will be denied without prejudice as premature.[3] An appropriate Order follows, which contains additional instructions as to amendment.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**

[3] Pursuant to § 1915(e), the Court may request an attorney to represent an indigent plaintiff in a civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Although district courts have broad discretion to request counsel for indigent *pro se* litigants, appointment of counsel is not a statutory or constitutional right of the litigant, but rather a privilege. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); *see also Montgomery v. Pinchak*, 294 F.2d 492, 498 (3d Cir. 2002). In determining whether to appoint *pro bono* counsel, the Court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). For the reasons explained above, McGurl's Complaint fails to meet this threshold requirement.